IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JANICE ALEXANDER, Plaintiff, § VS. § METROCARE SERVICES, Defendant. § Civil Action No. 3:08-CV-1398-D

MEMORANDUM OPINION
AND ORDER

In this action alleging race discrimination and retaliation——apparently under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*.——defendant moves for summary judgment. For the reasons that follow, the court grants the motion and dismisses this case with prejudice.

I

Plaintiff Janice Alexander ("Alexander"), who is African-American, filed this suit *pro se* against her former employer, Dallas Metrocare Services ("Metrocare"), in August 2008.[1] In her brief complaint, she appeared to allege that Metrocare terminated her based on her race and as an act of retaliation. She did not identify the statute under which she sued, but she attached two Equal Employment Opportunity Commission ("EEOC") charges of discrimination as exhibits, which referred to retaliation and discrimination claims asserted under Title VII. The magistrate

[1]Metrocare is a state agency located in Dallas, Texas that supports adults with developmental disabilities.

judge granted Alexander leave to proceed *in forma pauperis*, denied without prejudice her motion for appointed counsel, and directed that the summons be served on Metrocare.

Later, an attorney entered an appearance on Alexander's behalf. On August 5, 2009 Alexander moved to amend her complaint, to which Metrocare filed an opposition response on August 12, 2009. On September 2, 2009 Metrocare filed the instant motion for summary judgment, arguing that no evidence supports Alexander's claims for race discrimination and retaliation and that her claims are untimely. Alexander did not respond to the motion on the merits. Instead, after the 20-day response deadline expired, she filed an October 8, 2009 motion to extend time to respond, maintaining that "if the Court grants Plaintiff permission to [a]mend her pleadings the issue will be clear and not depend on assumptions by the Defendant as to what her claims are[.]" P. Mot. 2. She asked that, if the court denied her motion for leave to amend, she be given ten days to file a response to Metrocare's summary judgment motion. Metrocare opposes Alexander's motion to extend time to respond.

II

Because the disposition of Alexander's motion to extend will control the court's ruling on Metrocare's summary judgment motion, the court turns first to that motion.

Alexander's response to Metrocare's summary judgment motion was due on September 22, 2009. *See* N.D. Tex. Civ. R. 7.1(e).

Instead, she filed an untimely motion to extend time, presenting the single assertion that, if the court allows her to amend her complaint, the revised pleading will clarify her claims. As she summarily puts it, "if the Court grants Plaintiff permission to [a]mend her pleadings the issue will be clear and not depend on assumptions by the Defendant as to what her claims are[.]" P. Mot. 2.

The proper procedure for obtaining a continuance of the obligation to respond to a summary judgment motion is found in Fed. R. Civ. P. 56(f). Rule 56(f) provides:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) deny the motion;
>
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
>
> (3) issue any other just order.

Although the Rule is framed in terms of the inability to present facts essential to justify the opposition to summary judgment, the procedure can apply when the nonmovant files a motion for leave to amend her complaint and, while the motion is pending, the opposing party moves for summary judgment.[2] Rule 56(f) is available in this

[2]The court addresses here a motion for leave to amend filed *before* the summary judgment motion is filed. When leave to amend is sought *after* the summary judgment motion is filed, courts routinely deny leave to amend. As the Fifth Circuit has

circumstance for at least two reasons. First, the evidence required to oppose summary judgment may be unknown until the party is aware whether certain claims will be permitted via amended complaint. Second, at a general level, the continuance authorized by Rule 56(f) is a safe harbor built into the rules so that summary judgment is not granted prematurely. *Union City Barge Line, Inc. v. Union Carbide Corp.*, 823 F.2d 129, 136 (5th Cir. 1987). Summary judgment may in fact be premature if the district court is inclined to permit the nonmovant to amend in a manner that impacts the merits of the summary judgment motion.

But Alexander has failed to demonstrate under Rule 56(f) that a continuance should be granted so that the court can rule on her motion to amend her complaint before she must respond to the summary judgment motion. When the court compares her proposed first amended complaint to her complaint, it is apparent that she is doing nothing more than presenting a slightly modified version (this time typewritten and more organized) of her complaint, and alleging specifically that Metrocare discharged her based on her race, in violation of Title VII. In other words, the proposed

---

recognized, "'[t]o grant . . . leave to amend is potentially to undermine [a party's] right to prevail on a motion that necessarily was prepared without reference to an unanticipated amended complaint . . . . A party should not, without adequate grounds, be permitted to avoid summary judgment by the expedient of amending its complaint.'" *Overseas Inns S.A. P.A. v. United States*, 911 F.2d 1146, 1151 (5th Cir. 1990) (quoting this court's opinion below), *aff'g* 685 F. Supp. 968 (N.D. Tex. 1988) (Fitzwater, J.).

amended complaint does not substantively affect her ability to respond to Metrocare's summary judgment motion. It therefore is not apparent why she could not have filed a timely summary judgment response or have presented a Rule 56(f) affidavit explaining, as the Rule requires, "specified reasons" for her inability to respond. Since her proposed amended complaint simply clarified that she was asserting a race-based discriminatory discharge claim under Title VII, there is no apparent reason why she could not have timely responded and adduced evidence that creates a genuine issue of material fact.

In her motion to extend time, Alexander appears to confuse a Rule 12(b)(6) motion to dismiss with a Rule 56 motion for summary judgment. Her motion appears to assume that she can adequately oppose Metrocare's summary judgment motion by better stating her claims: "if the Court grants Plaintiff permission to [a]mend her pleadings the issue will be clear and not depend on assumptions by the Defendant as to what her claims are[.]" P. Mot. 2. She seemingly assumes that once her claims are clarified and not dependent on Metrocare's assumptions about them, summary judgment will be improper. But Metrocare does not seek summary judgment on the basis that Alexander has failed to state a claim on which relief can be granted, i.e., under the Rule 12(b)(6) standard. Rather, it points to a lack of evidence to present a genuine issue of material fact, i.e., under the Rule 56(c) standard, which

provides, in part, that "[t]he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

Regardless whether the court grants or denies Alexander's motion to amend, its ruling will have no material impact on what she must show to defeat summary judgment. If the court denies the motion, the complaint should be construed to allege claims for discrimination and retaliation under Title VII. If the court grants the motion, she apparently asserts a discrimination claim under Title VII based on her termination. Either way, she must adduce evidence that would permit a reasonable trier of fact to find in her favor. The requested continuance would therefore be of no benefit.[3]

Because Alexander has not demonstrated that she is entitled to a continuance based on her motion to extend time, and because she has not attempted to comply otherwise with Rule 56(f), the court concludes that Metrocare's motion for summary judgment is ripe for decision and should be addressed on the merits.

---

[3]Consequently, the court denies without prejudice the motion for leave to amend because the court is granting summary judgment in Metrocare's favor, and the proposed first amended complaint has no material impact on that decision. Also, by denying the motion, the court is requiring that Metrocare point to the absence of evidence of discrimination and retaliation rather than of discrimination alone.

III

Alexander asserts Title VII claims on which she will have the burden of proof at trial. Because Metrocare will not have the burden of proof at trial, it can obtain summary judgment obligation by pointing the court to the absence of evidence of any essential element of Alexander's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once it does so, Alexander must go beyond her pleadings and designate specific facts demonstrating that there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for Alexander. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Alexander's failure to produce proof as to any essential element renders all other facts immaterial. *See Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory if Alexander fails to meet this burden. *See Little*, 37 F.3d at 1076.

Metrocare has met its burden of pointing to the absence of evidence to support each of Alexander's claims. *E.g.*, D. Br. 11 and 14. Alexander has not responded to Metrocare's motion on the merits and therefore has failed to adduce any evidence in support of her claims. Her failure to respond to the merits of the motion does not, of course, permit the court to enter a "default" summary

judgment. The court is permitted, however, to accept Metrocare's evidence as undisputed. *See Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.). Moreover, Alexander's failure to respond means that she has not designated specific facts showing that there is a genuine issue for trial. "A summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)).

Because Metrocare has pointed to the absence of evidence to support Alexander's claims and she has failed to produce proof of specific facts showing that there is a genuine issue for trial, Metrocare is entitled to summary judgment dismissing this suit.[4]

[4]Metrocare also asserts that summary judgment is proper because Alexander filed her claim more than 90 days after she received the EEOC's notice of right to sue. The court need not reach this ground of the motion.

* * *

Accordingly, Metrocare's September 2, 2009 motion for summary judgment is granted, and this action is dismissed with prejudice by judgment filed today.

**SO ORDERED.**

October 21, 2009.

SIDNEY A. FITZWATER
CHIEF JUDGE